UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> Ex rel. Jeffrey Webb, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MILLER FAMILY ENTERPRISE ) <br> and ) <br> M DRUG, LLC, ) <br> ) <br> Defendants ) | Civil Docket No.: <br><br> **FILED *IN CAMERA* AND UNDER SEAL** <br><br> **FALSE CLAIMS ACT** <br> **MEDICARE/MEDICAID FRAUD** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT PURSUANT TO 31 U.S.C. §§ 3729-3732**
**OF THE FEDERAL FALSE CLAIMS ACT**

The United States of America, by and through qui tam relator Jeffrey Webb (Relator), brings this action under 31 U.S.C. § 3729 *et seq.*, as amended (False Claims Act) to recover all damages, penalties and other remedies established by the False Claims Act on behalf of the United States.

**I. INTRODUCTION.**

1. This is an action to recover treble damages and civil penalties on behalf of the United States of America for violations of the False Claims Act arising out of false claims approved and presented by Defendants to obtain Medicare funds for drugs supplied to nursing homes which were later returned to Defendants but Defendants failed to reimburse Medicare for those returns.

2. This action also seeks to recover civil penalties on behalf of the United States of America for violations of the False Claims Act arising out of the failure to maintain required documentation for Medicare and Medicaid reimbursement for prescriptions supplied to patients

-1-

at facilities.

## II.  JURISDICTION AND VENUE.

3. This is an action brought pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331. This case arises from the wrongful conduct of the Defendants incident to obtaining funds from the United States pursuant to the Medicare program and the MaineCare (Medicaid) program.

4. This Court has in personam jurisdiction over the Defendants under 31 U.S.C. § 3732(a), which authorizes nationwide service of process.

5. Venue is proper in the District of Maine because Defendants are Maine corporations with principal places of business in Bangor, Maine.

6. Plaintiff demands a jury trial pursuant to F.R.Civ.P. 38.

## III.  PARTIES

7. Qui Tam Plaintiff Jeffrey Webb (hereinafter "Webb") is a citizen of the United States of America and is a resident of Bangor, Penobscot County, Maine. Webb worked for Defendant from September 2004 to April 2012, most recently as LTC Operations Manager.  Webb brings this action on behalf of the United States of America.

8. Defendants are related Maine corporations with a principal place of business in Bangor, Maine, and at the time of the events at issue, did business as Miller Drug and Miller Drug LTC.

9. As required under the False Claims Act, 31 U.S.C. § 3730(b)(2), Relator, simultaneously with the filing of this Complaint, provided to the United States Attorney for the District of Maine a statement of all material evidence and information related to this Complaint.

10. The United States of America is here named a plaintiff because funds of the United States of America ("federal funds") were paid to Defendants pursuant to the Medicare and MaineCare (Medicaid) programs as a result of the false claims alleged in this Complaint.

### IV.  SPECIFIC FALSE CLAIMS

11.  Defendants are pharmacies which, among other things, provide prescription drugs for patients at facilities such as group homes, boarding homes, and skilled nursing facilities. In June of 2010, Defendants merged with a separate corporation, Affiliated, and changed certain practices. One of those practices that was changed was the practice when a facility would return an unused portion of a patient's medication. Defendants would bill the facilities for drugs ordered for its patients and the facilities would in turn bill Medicare for the cost of those drugs. On frequent occasion, the facilities would return sealed, unused portions of drugs. Prior to the Affiliated merger, the Defendants would accept returns of drugs in blister-proof or sealed packages, but would not issue a refund or credit to the nursing home for those returns, such that Medicare did not receive reimbursement for the returned drugs, which Defendants would later resell.

12.  Defendants also generated MAR (Medication Administration Record) sheets every month to send to the facilities that it serviced. Those facilities would return the completed MAR sheets once a month, and those sheets could contain new orders, changes in directions, changes in hours of administration, or even completely new patients to whom the medications were administered. Prior to the Affiliated merger, that information was input into Defendants' computers and the documentation was then destroyed, in violation of Medicare and MaineCare (Medicaid) regulations requiring supporting documentation of prescriptions. The final quality

assurance for those prescriptions was also not performed by a pharmacist, which may also violate Medicare and/or MaineCare regulations.

13. Defendants also submitted claims to MaineCare (Medicaid) for drugs provided to certain patients at facilities. On frequent occasions, there would be returns of drugs, for which MaineCare requires a return form in triplicate (one for the pharmacy, one for the facility and one for the State). Defendants would on occasion intentionally withhold the copy that was supposed to be sent to the State, thus not triggering a refund to be paid to MaineCare.

## V. CAUSE OF ACTION

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth at length herein.

15. By virtue of the acts described above, Defendants have knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the Government.

16. By reason of the Defendants' acts, the United States has been damaged in substantial amount, to be determined at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, through Relator, requests that the Court enter the following relief:

A. That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty for each violation of 31 U.S.C. § 3729.

    B.  That Relator be awarded the maximum amount allowed pursuant to § 3730(d) of the False Claims Act.

    C.  That Relator be awarded all costs of this action, including attorneys' fees and expenses.

    D.  That Relator recover such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 7, 2013 | */s/ Arthur J. Greif* <br> Arthur J. Greif, Esq. <br> GILBERT & GREIF, P.A. <br> 82 Columbia Street <br> P.O. Box 2339 <br> Bangor, ME 04402-2339 <br> Attorney for Plaintiff <br> (207) 947-2223 <br> ajg@yourlawpartner.com |